UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LANGLEY PARTNERS, L.P., | No. 05 CV 04194 SC (BZ) |
| Plaintiff, | ORDER AND FINAL JUDGMENT |
| v. | |
| TRIPATH TECHNOLOGY, INC., ADYA TRIPATHI and DAVID EICHLER, | |
| Defendants. | |

1       On the 8th day of September, 2006, a hearing was held before this Court to determine
2  whether the terms and conditions of the Stipulation and Agreement of Settlement dated
3  August 29, 2006 (the "Stipulation") are fair for the settlement of all claims asserted in the
4  Action. The Court having considered all matters submitted to it at the hearing and
5  otherwise; and all capitalized terms used herein having the meanings as set forth in the
6  Stipulation.

7       NOW THEREFORE, IT IS HEREBY ORDERED THAT:

8       1.    The Court has jurisdiction over the subject matter of the Action and all parties.

9       2.    The Court approves and finds that the terms of the settlement contained in the
10 Stipulation are fair. The Court directs the parties to consummate the settlement in
11 accordance with the terms and provisions of the Stipulation. The shares to be issued by
12 Tripath Technology Inc. to Langley Partners, L.P. as described in Paragraph 3(b) of the
13 Stipulation are to be issued in exchange for bona fide outstanding claims; all parties to
14 whom it is proposed to issue such securities have been given adequate and timely notice of
15 their right to appear at the hearing on the fairness of the settlement contained in the
16 Stipulation; and the shares to be issued in accordance with Paragraph 3(b) of the Stipulation
17 are therefore unrestricted and freely tradeable exempted securities pursuant to Section
18 3(a)(10) of the Securities Act of 1933, 15 U.S.C. §77c(a)(10).

19      3.    The Complaint is hereby dismissed with prejudice and without costs as against all
20 of the Defendants.

21      4.    Neither this Order and Final Judgment, the Stipulation, nor any of its terms and
22 provisions, nor any of the negotiations or proceedings connected with it, nor any of the
23 documents or statements referred to therein shall be:

24           (a)   offered or received against the Defendants as evidence of or construed as or
25 deemed to be evidence of any presumption, concession, or admission by any of the
26 Defendants with respect to the truth of any fact alleged by Langley in the Action or the
27 validity of any claim that has been or could have been asserted in the Action, or the
28 deficiency of any defense that has been or could have been asserted in the Action, or of any

1  liability, negligence, fault, or wrongdoing of the Defendants in the Action;

2          (b)   offered or received against the Defendants and/or Langley as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or to enforce the provisions of this Stipulation or to effectuate the liability protection granted to the parties hereunder;

          (c)   construed against the Defendants as an admission or concession in the Action that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

          (d)   construed as or received in evidence as an admission, concession or presumption against Langley in the Action that any of the claims in the Complaint are without merit, or that any defenses asserted by the Defendants in the Action have any merit.

    5.   Exclusive jurisdiction is hereby retained over the parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

    6.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

    7.   There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: _____     _____
                                   The Honorable Samuel Conti
                                   United States District Judge

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation